(142 App. Div. 429.)

### RAWLE v. MOORE.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

INDEMNITY (§ 15*)—CONTRACT TO SAVE HARMLESS BECAUSE OF PURCHASE OF STOCK—TENDER OF STOCK—PLEADING.

> Where a broker, who made sales of certain stock for a customer, and at his request promised the purchasers to buy back the stock at par if so desired, the promise being given in consideration of the customer agreeing to save him harmless, was forced to repurchase some of it, his complaint in an action against the customer need not allege a tender of the stock, or that he had kept the tender good, etc.; for in this case the action is based on his express promise to save him harmless, and not on the theory of a sale to defendant.

> [Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.*]

Appeal from Special Term, New York County.

Action by Francis P. Rawle against Phil H. Moore. From an order denying plaintiff's motion for judgment on the pleadings, he appeals. Order reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Harper Sibley, for appellant.

Samuel S. Watson (Walter B. Raymond and Victor C. Cormier, on the brief), for respondent.

LAUGHLIN, J. The defendant demurred to the complaint upon the ground that it fails to state facts sufficient to constitute a cause

---

of action, and the plaintiff moved for judgment on the pleadings pursuant to the provisions of section 547 of the Code of Civil Procedure.

The plaintiff alleges that he is a broker; that he sold certain shares of capital stock for the defendant, and at the request of defendant, as an inducement to them to buy, he agreed with the purchasers, at the request of defendant, that he and the defendant would buy the stock back at par, if so desired by them; that he had no interest in the matter, except as a broker, and that defendant agreed, in consideration of plaintiff's so agreeing with defendant to repurchase the stock, that he would hold and save plaintiff harmless, and pay the entire amount necessary to repurchase the stock; that thereafter, in fulfillment of his agreement with the purchasers of the stock, plaintiff was obliged to expend the sum of $2,000 in repurchasing the same, and that before doing so, he called upon the defendant to repurchase the stock, but the defendant neglected and refused so to do; that defendant has paid plaintiff $500 on account of the transaction, but has failed and refused to pay the balance, being $1,500, together with interest thereon.

Counsel for the respondent endeavors to sustain the order on the theory that the plaintiff should have alleged a tender of the stock to defendant, and that the tender has been kept good, or readiness, willingness, and ability to restore it. If the action were to recover the purchase price of the stock, as upon a sale thereof, that point would be well taken. The purchasers to whom the stock was sold on condition that the vendors would repurchase it at par could not have maintained an action without tendering the stock; but the broker who took back the stock, pursuant to his agreement made at the instance of the defendant, is not in the same position. His action is not based on any express or implied agreement on the part of the defendant to repurchase the stock from him, but on the defendant's agreement to save him harmless. Having been obliged, owing to a breach of that agreement on the part of the defendant, to pay out this money in the performance of his agreement with the purchasers to repurchase the stock, he has a cause of action against the defendant for indemnity. The stock, having been repurchased pursuant to the agreement, is deemed held by the plaintiff for the defendant. It is not involved in the action, as the issue is tendered by the plaintiff.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings should be granted, with $10 costs, and judgment directed for the plaintiff as prayed for in the complaint, unless the defendant within 20 days pays the costs of the appeal and of the motion and answers the complaint. All concur.